IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3073-BO

| | |
|---|---|
| ANTONIO VERA ALANIS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |

Antonio Vera Alanis ("plaintiff"), a federal inmate, filed this suit pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The United States of America filed a motion to dismiss the FTCA claim pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6). (D.E. # 11) W. McCollum filed the same motion to dismiss the Bivens' action. Likewise, Samuel Stanley has filed a motion to dismiss the Bivens' action pursuant to 12(b)(6) (D.E. # 31). Defendant J. Bradford has not been served in this action. Plaintiff has filed several responses to the pending motions, and the matter is properly before the court.

The allegations arise out of the medical care provided to Alanis in 2007. Plaintiff alleges he was in continual pain and sought medical care. (Compl.) He was examined on January 10, 2007, and diagnosed with "avascular necrosis of the right femoral head of hip." (Compl. ¶ 5 and 7) On March 29, 2007, defendant Samuel Stanley, MD, confirmed the diagnosis and recommended a total replacement. (Id. ¶ 6 and 7) On August 29, 2007, defendant Samuel Stanley, MD, performed a total hip replacement. (Id. ¶ 8) As a result of the surgery, plaintiff's leg is 2 centimeters longer then the right leg. (Id. ¶ 11). Another notation states the left leg is one inch shorter than the right. (Id. ¶ 13)

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" U, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009) ("The plausibility standard ... requires the plaintiff to articulate facts, when accepted as true, that show ... the plausibility of entitlement to relief") (internal citations and quotation marks omitted).

In making the determination as to whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir.2009). Moreover, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

FTCA

Under the FTCA, plaintiff alleges negligent medical care. The issue is properly exhausted and timely raised in this court. See Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir.1991) (A pleading submitted by an incarcerated pro se litigant is deemed filed when the prisoner

delivers his pleading to prison officials.); Response to Motion to Dismiss, Ex. A (noted received by prison 3/31/2010); see also Motion to Dismiss, Ex. A, and Mem. in Supp. ("Plaintiff must have initiated his complaint by April 18, 2010.")

The United States seeks dismissal of the FTCA claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). Mem. Supp. Mot. Dismiss at 3. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2647, 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). North Carolina substantive law controls claim. See, e.g., Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see also 28 U.S.C. § 1346(b).

In North Carolina there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. In North Carolina, a plaintiff asserting negligence must prove the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:
Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. § ] 90-21.12 shall be dismissed unless:

3

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001).

The North Carolina legislature did not create an exception for ignorance or good cause in enacting Rule 9(j). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur.

4

See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (citing Diehl, 140 N.C. App. at 380, 536 S.E.2d at 363 ("This Court does not believe that the proper standard of care . . . for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury.")). Plaintiff has failed to satisfy the criteria 9(j), nor has he established res ipsa loquitur and the claim is dismissed.

Bivens

To make out a claim for deliberate indifference, a plaintiff must demonstrate that defendants acted with "more than mere negligence but less than malice." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). A plaintiff need not show "acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Qwhat must be shown is that defendants were aware of the facts that would lead to an inference that a substantial risk of harm exists and must also draw that inference. Id. at 837; see also Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) ("[A] prison official must know of and disregard the objectively serious condition, medical need, or risk of harm.") (emphasis added).

5

The Supreme Court has stressed that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106(1976). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990)

In the matter at hand, Alanis does not allege that medical care was denied. Alanis acknowledges that Dr. Stanley both diagnosed his condition and performed surgery. At most, Alanis makes allegations that surgery was negligently performed resulting in one leg being longer than the other following the surgery. The court specifically notes that plaintiff relies on an Operative Report signed by Dr. Stanley (the "Report") as evidence of deliberate indifference. However, rather than showing deliberate indifference, the Report illustrates defendant Stanley's attention to the medical needs of plaintiff. Alanis must show more than mere negligence to establish a constitutional violation. Alanis fails to allege any facts indicating that the treatment provided shows knowledge of and disregard for a serious medical need.

Accordingly, both defendants' motions to dismiss are ALLOWED (D.E. # 11 and 31). Furthermore, defendant J. Bradford has not been properly served. The court has also attempted to facilitate service of J. Bradford unsuccessfully, and J. Bradford is dismissed. Thus, the Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 5 day of ~~November~~ December 2011.

                                                TERRENCE W. BOYLE
                                                United States District Judge

7

Case 5:10-ct-03073-BO   Document 40   Filed 12/06/11   Page 7 of 7