IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3073-BO

| | |
|---|---|
| ANTONIO VERA ALANIS, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, et al., )<br>  Defendants. ) | **ORDER** |

Antonio Vera Alanis ("plaintiff"), a federal inmate, filed this suit pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On December 6, 2011, in a detailed order the court granted the United States of America's motion to dismiss the FTCA claim pursuant to 12(b)(6), defendant W. McCollum's motion to dismiss the Bivens' action, and defendant Samuel Stanley's motion to dismiss the Bivens' action pursuant to 12(b)(6). (D.E. # 40) Defendant J. Bradford had not been served and was also dismissed from the suit. Presently before the court is plaintiff's motion for reconsideration. (D.E. # 42)

Alanis may be seeking reconsideration under either Rule 59 or 60 of the Federal Rules of Civil Procedure.[1] Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a

---

[1] The court shall review the matter under both rules. The court does so given that in defendants' response to the motion, they assume plaintiff seeks relief under Rule 60, not Rule 59, although such relief is timely sought under Rule 59.

judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Alternatively, under Federal Rule of Civil Procedure 60(b), the court may "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from the judgment being set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Furthermore, relief pursuant to this Rule is extraordinary and is to be granted only upon a showing of exceptional circumstances and must be premised on a meritorious position. Aikens v. Ingram, 652 F.3d 496, 500-501 (4th Cir. 2011); Smith v. Bounds, 813 F2d 1299, 1303 (4th Cir. 1987).

Alanis has failed to establish any change in the law, new evidence, meritorious claim, or defense. Alanis has failed to satisfy any of the threshold conditions of either Rule 59 or 60. Alanis' arguments are nothing more than an attempt to re-litigate the merits of his claims which is not

2

permissible under either rule. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quotation omitted); Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quotation omitted); see Robinson, 599 F.3d at 411.[2]

Accordingly, the motion for reconsideration (D.E. # 42) is DENIED.

SO ORDERED, this the ___ day of March 2012.

TERRENCE W. BOYLE
United States District Judge

---

[2] The court specifically addresses the argument regarding the "pair of shoes with the left shoe having a one inch additional sole." The court considered this claim and again finds that providing plaintiff with these shoes, or not providing him with the shoes, is a disagreement between an inmate and a physician regarding the appropriate form of treatment and does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985).

3